LOPE VALDESPINO AGOSTINI, Petitioner, Appellant, and Appellee, *v.* RETIREMENT BOARD OF EMPLOYEES OF THE INSULAR GOVERNMENT OF PUERTO RICO, Respondent, Appellee, and Appellant.

No. 9992.   Argued April 6, 1949.—Decided April 27, 1949.

*Vicente Géigel Polanco, Attorney General,* and *A. Torres Braschi, Assistant Attorney General,* for appellant-appellee. *Pascasio Fajardo Martínez* for appellee-appellant.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The petitioner, who is appellant and appellee in this case, seeks the dismissal of the appeal taken by the Retirement Board of Employees of the Insular Government of Puerto

Rico because the aforesaid Board did not cancel in its notice of appeal the $5.00 Internal Revenue stamp required by § 2 of Act No. 17 of 1915. (Sess. Laws, page 45.)[1]

The petitioner admits in his motion that the appellant Board is an agency of the Insular Government but alleges that it is "a separate entity which may sue or be sued, independently, without previous court authorization, (*sic*) or any other requirement whatsoever."

Section 16 of Act No. 23 of July 16, 1935 (Second Spec. Sess. Laws, p. 126) creating the Retirement Board, provides:

"Section 16.—To carry out the provisions of this Act, a board is hereby created, to be known as the "Retirement Board" which shall perform the duties herein assigned to it and which shall be composed of the Treasurer of Puerto Rico as chairman *ex officio,* and four officials or employees comprised under this Act, to be designated by the Governor of Puerto Rico. The term of office of the members of said board shall be four (4) years; *Provided,* that in appointing a new board, the Governor shall appoint for a new term at least one of the members of the outgoing board. The Retirement Board shall elect a vice-chairman and a secretary from among its members, and shall appoint such office personnel as may be necessary for the purposes of this Act, and it shall fix their compensation. For this purpose and for office expenses, equipment, office supplies, etc., a sum of not over five thousand (5,000) dollars a year shall be made available, chargeable to the Retirement Fund; however, in case it should be necessary to make a financial survey of the solvency of the Retirement Fund, the Board may dispose of an additional appropriation of five thousand (5,000) dollars, with the approval of the Governor of Puerto Rico. The employees appointed by the Retirement Board may be included under the benefits of this Act. The Commissioner of the Interior shall provide the Retirement Board with the quarters necessary for the establishment of its office."

---

[1] Pursuant to § 2, letter .O of said .Act, for a notice of appeal in extraordinary proceedings the Board would only have to pay an internal revenue stamp of $2.00, if any, and not of $5.00 as alleged by the petitioner.

The Retirement Board, therefore, was created "to carry out the provisions of this Act." What is the purpose of Act No. 23 of 1935? Merely to establish, for different reasons, the retirement of permanent officers and employees of the Insular Government of Puerto Rico; to provide the manner in which from the salaries of said officers and employees the Auditor of Puerto Rico shall deduct the 3 per cent and that the amounts so deducted shall be credited on the books of the Treasury Department of Puerto Rico to an account to be known as Retirement Fund of Officers and Employees of the Civil Service of Puerto Rico (§ 13); and to appropriate an annual amount to increase said Retirement Fund. The Board shall have charge of the administration of these funds in granting life annuities to the retired officers and employees and the duty to submit to the Government of Puerto Rico an annual report.

The Board, as we have seen, is composed of the Treasurer of Puerto Rico, as chairman *ex officio* and four officials or employees appointed by the Governor for a term of four years.

We have decided that the funds to which the deductions made to officers and employees under the Retirement Act of 1935 are credited in the Treasury constitute public funds and that said deductions form no part of the officers' and employees' gross income taxable under the Income Tax Act. *Buscaglia, Treas.* v. *Tax Court,* 67 P.R.R. 532.

We have also decided that the Board of Examiners of Engineers, Architects and Surveyors and the Insular Police Commission are not bound to pay the fees prescribed by Act No. 17 of 1915 because they are entities of the Insular Government. *Gómez* v. *Board of Examiners,* Etc., 40 P.R.R. 635 and *López* v. *Insular Police Commission,* 30 P.R.R. 749. *Cf. Acevedo* v. *Domenech, Treas.,* 49 P.R.R. 133.

On a better footing, in view of the preceding provisions of Act No. 23 of 1935, we believe that the Retirement Board,

appellant herein, is an entity of the Insular Government of Puerto Rico and, therefore, is not bound to fix an Internal Revenue stamp of $2.00 on its notice of appeal.

The motion is denied.

Mr. Justice Negrón Fernández did not participate herein.